IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CELLULAR COMMUNICATIONS EQUIPMENT LLC, | § § § | CIVIL ACTION NO.: 17-cv-2805 |
| Plaintiff, | § § § | |
| v. | § § § | **JURY TRIAL DEMANDED** |
| ZTE CORPORATION, ZTE (USA) INC., AT&T INC., AT&T MOBILITY LLC, VERIZON COMMUNICATIONS INC., CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, SPRINT CORPORATION, SPRINT SOLUTIONS, INC., SPRINT SPECTRUM L.P., BOOST MOBILE, LLC, T-MOBILE USA, INC., and T-MOBILE US, INC., | § § § § § § § § § § § § § § § | |
| Defendants | § | |

## ANSWER AND COUNTERCLAIMS OF DEFENDANT ZTE (USA) INC. TO ORIGINAL COMPLAINT

Defendant ZTE (USA) Inc. ("ZTE") hereby responds to each numbered paragraph of Cellular Communications Equipment LLC's ("CCE" or "Plaintiff") Original Complaint for Patent Infringement, dated October 12, 2017 ("the Complaint"). Each of the paragraphs below corresponds to the same numbered paragraphs in the Complaint. ZTE denies all allegations in the Complaint, whether express or implied, that are not specifically admitted below.

## THE PARTIES

1.      ZTE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1, and therefore ZTE denies the allegations in that paragraph.

2.      ZTE admits that ZTE Corporation is incorporated under the laws of the People's Republic of China with its principal place of business at ZTE Plaza, Keji Road South, Hi-Tech Industrial Park, Nanshan District, Shenzhen, Guangdong Province, P.R. China 518057. Except as expressly admitted, ZTE denies the allegations in Paragraph 2 of Plaintiff's Complaint.

3.      ZTE admits that ZTE (USA) Inc. is a New Jersey corporation with its principal place of business in Richardson, Texas, that it was served with the Complaint, and that it does business in the State of Texas.

4.      ZTE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4, and therefore ZTE denies the allegations in that paragraph.

5.      ZTE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5, and therefore ZTE denies the allegations in that paragraph.

6.      ZTE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6, and therefore ZTE denies the allegations in that paragraph.

7.      ZTE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7, and therefore ZTE denies the allegations in that paragraph.

8.      ZTE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and therefore ZTE denies the allegations in that paragraph.

9.      ZTE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and therefore ZTE denies the allegations in that paragraph.

10.     ZTE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and therefore ZTE denies the allegations in that paragraph.

11.     ZTE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and therefore ZTE denies the allegations in that paragraph.

12.     ZTE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and therefore ZTE denies the allegations in that paragraph.

13.     ZTE lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and therefore ZTE denies the allegations in that paragraph.

## JURISDICTION AND VENUE

14.     ZTE admits that the Complaint purports to arise under the patent laws of the United States, including 35 U.S.C. §§ 271, 281, and 284-285. Except as expressly admitted, ZTE denies the allegations in Paragraph 14 of Plaintiff's Complaint.

15.     ZTE admits that this Court has subject matter jurisdiction over the claims.

16.     To the extent the allegations of Paragraph 16 are directed at ZTE, Paragraph 16 states a legal conclusion with respect to venue, to which no response is required. To the extent that a response is required, ZTE admits that ZTE (USA) Inc. has a regular and established place of business in this judicial district. Except as expressly admitted, ZTE denies the allegations of Paragraph 16 directed at ZTE. To the extent the allegations of Paragraph 16 are directed at entities other than ZTE, ZTE lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16, and therefore ZTE denies the allegations in that paragraph.

17.     To the extent the allegations of Paragraph 17 are directed at ZTE, ZTE will not contest, for purposes of this action only, that this Court has personal jurisdiction over ZTE (USA) Inc., although not necessarily for the reasons alleged in Paragraph 17 of Plaintiff's Complaint. Except as expressly admitted, ZTE denies the allegations of Paragraph 17 directed at ZTE. To the extent the allegations of Paragraph 17 are directed at entities other than ZTE, ZTE

lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17, and therefore ZTE denies the allegations in that paragraph.

## COUNT I

(INFRINGEMENT OF U.S. PATENT NO. 8,254,872)

18.     ZTE incorporates by reference its answers to the allegations set forth in Paragraphs 1-17 as if fully set forth herein.

19.     ZTE admits that U.S. Patent No. 8,254,872  ("the '872 patent") is entitled "Simplified Method for IMS Registration in the Event of Emergency Calls" and that Exhibit A to Plaintiff's Complaint appears to be a copy of the '872 patent. ZTE lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 19, and therefore ZTE denies the same.

20.     ZTE denies the allegations in Paragraph 20 of Plaintiff's Complaint.

21.     To the extent the allegations of Paragraph 21 are directed at ZTE, ZTE admits that one or more ZTE entities has tested, made, used, offered for sale, sold and/or imported one or more of the devices identified in Paragraph 21 of Plaintiff's Complaint as "'872 ZTE Devices," although not necessarily in the United States. Except as expressly admitted, ZTE denies the allegations of Paragraph 21 directed at ZTE. To the extent the allegations of Paragraph 21 are directed at entities other than ZTE, ZTE lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21, and therefore ZTE denies the allegations in that paragraph.

22.     ZTE denies the allegations in Paragraph 22 of Plaintiff's Complaint.

23.     ZTE denies the allegations in Paragraph 23 of Plaintiff's Complaint.

24.     ZTE denies the allegations in Paragraph 24 of Plaintiff's Complaint.

25.     To the extent the allegations of Paragraph 25 are directed at ZTE, ZTE admits that Plaintiff's original complaint in this case was filed in this District on October 12, 2017 and that ZTE (USA) Inc. was later served with that complaint, that ZTE Corporation has been a 3GPP member organization, that 3GPP solicits identification of standard essential patents, and that Plaintiff alleges the '872 patent was disclosed to 3GPP via the European Telecommunications Standards Institute ("ETSI"). Except as expressly admitted, ZTE denies the allegations of Paragraph 25 directed at ZTE. To the extent the allegations of Paragraph 25 are directed at entities other than ZTE, ZTE lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25, and therefore ZTE denies the allegations in that paragraph.

26.     To the extent the allegations of Paragraph 26 are directed at ZTE, ZTE denies the allegations of Paragraph 26 directed at ZTE. To the extent the allegations of Paragraph 26 are directed at entities other than ZTE, ZTE lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26, and therefore ZTE denies the allegations in that paragraph.

27.     To the extent the allegations of Paragraph 27 are directed at ZTE, ZTE denies the allegations of Paragraph 27 directed at ZTE. To the extent the allegations of Paragraph 27 are directed at entities other than ZTE, ZTE lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27, and therefore ZTE denies the allegations in that paragraph.

28.     To the extent the allegations of Paragraph 28 are directed at ZTE, ZTE denies the allegations of Paragraph 28 directed at ZTE. To the extent the allegations of Paragraph 28 are directed at entities other than ZTE, ZTE lacks knowledge or information sufficient to form a

belief as to the truth of the allegations set forth in Paragraph 28, and therefore ZTE denies the allegations in that paragraph.

29.     ZTE denies the allegations in Paragraph 29 of Plaintiff's Complaint.

30.     To the extent the allegations of Paragraph 30 are directed at ZTE, ZTE admits that one or more ZTE entities has tested, made, used, offered for sale, sold and/or imported one or more of the devices identified in Paragraph 21 of Plaintiff's Complaint as "'872 AT&T Mobile Devices" and/or "'872 Cricket Mobile Devices," although not necessarily in the United States. Except as expressly admitted, ZTE denies the allegations of Paragraph 30 directed at ZTE. To the extent the allegations of Paragraph 30 are directed at entities other than ZTE, ZTE lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30, and therefore ZTE denies the allegations in that paragraph.

31.     To the extent the allegations of Paragraph 31 are directed at ZTE, ZTE admits that one or more ZTE entities has tested, made, used, offered for sale, sold and/or imported one or more of the devices identified in Paragraph 21 of Plaintiff's Complaint as "'872 Verizon Mobile Devices," although not necessarily in the United States. Except as expressly admitted, ZTE denies the allegations of Paragraph 31 directed at ZTE. To the extent the allegations of Paragraph 31 are directed at entities other than ZTE, ZTE lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31, and therefore ZTE denies the allegations in that paragraph.

32.     To the extent the allegations of Paragraph 32 are directed at ZTE, ZTE admits that one or more ZTE entities has tested, made, used, offered for sale, sold and/or imported one or more of the devices identified in Paragraph 21 of Plaintiff's Complaint as "'872 T-Mobile Mobile Devices," although not necessarily in the United States. Except as expressly admitted,

ZTE denies the allegations of Paragraph 32 directed at ZTE. To the extent the allegations of Paragraph 32 are directed at entities other than ZTE, ZTE lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32, and therefore ZTE denies the allegations in that paragraph.

33.    ZTE denies the allegations in Paragraph 33 of Plaintiff's Complaint.

## COUNT II

(INFRINGEMENT OF U.S. PATENT NO. 8,902,770)

34.    ZTE incorporates by reference its answers to the allegations set forth in Paragraphs 1-33 as if fully set forth herein.

35.    ZTE admits that U.S. Patent No. 8,902,770 ("the '770 patent") is entitled "Carrier Indicator Field Usage and Configuration in Carrier Aggregation" and that Exhibit B to Plaintiff's Complaint appears to be a copy of the '770 patent. ZTE lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 35, and therefore ZTE denies the same.

36.    ZTE denies the allegations in Paragraph 36 of Plaintiff's Complaint.

37.    To the extent the allegations of Paragraph 37 are directed at ZTE, ZTE admits that one or more ZTE entities has tested, made, used, offered for sale, sold and/or imported one or more of the devices identified in Paragraph 37 of Plaintiff's Complaint as "'770 ZTE Devices," although not necessarily in the United States. Except as expressly admitted, ZTE denies the allegations of Paragraph 37 directed at ZTE. To the extent the allegations of Paragraph 37 are directed at entities other than ZTE, ZTE lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37, and therefore ZTE denies the allegations in that paragraph.

38.     ZTE denies the allegations in Paragraph 38 of Plaintiff's Complaint.

39.     ZTE denies the allegations in Paragraph 39 of Plaintiff's Complaint.

40.     ZTE denies the allegations in Paragraph 40 of Plaintiff's Complaint.

41.     To the extent the allegations of Paragraph 41 are directed at ZTE, ZTE admits that Plaintiff's original complaint in this case was filed in this District on October 12, 2017 and that ZTE (USA) Inc. was later served with that complaint, that ZTE Corporation has been a 3GPP member organization, that 3GPP solicits identification of standard essential patents, and that Plaintiff alleges the '770 patent was disclosed to 3GPP via the European Telecommunications Standards Institute ("ETSI"). Except as expressly admitted, ZTE denies the allegations of Paragraph 41 directed at ZTE. To the extent the allegations of Paragraph 41 are directed at entities other than ZTE, ZTE lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41, and therefore ZTE denies the allegations in that paragraph.

42.     To the extent the allegations of Paragraph 42 are directed at ZTE, ZTE denies the allegations of Paragraph 42 directed at ZTE. To the extent the allegations of Paragraph 42 are directed at entities other than ZTE, ZTE lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42, and therefore ZTE denies the allegations in that paragraph.

43.     To the extent the allegations of Paragraph 43 are directed at ZTE, ZTE denies the allegations of Paragraph 43 directed at ZTE. To the extent the allegations of Paragraph 43 are directed at entities other than ZTE, ZTE lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43, and therefore ZTE denies the allegations in that paragraph.

44.     To the extent the allegations of Paragraph 44 are directed at ZTE, ZTE denies the allegations of Paragraph 44 directed at ZTE. To the extent the allegations of Paragraph 44 are directed at entities other than ZTE, ZTE lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44, and therefore ZTE denies the allegations in that paragraph.

45.     ZTE denies the allegations in Paragraph 45 of Plaintiff's Complaint.

46.     To the extent the allegations of Paragraph 46 are directed at ZTE, ZTE admits that one or more ZTE entities has tested, made, used, offered for sale, sold and/or imported one or more of the devices identified in Paragraph 37 of Plaintiff's Complaint as "'770 AT&T Mobile Devices" and/or "'770 Cricket Mobile Devices," although not necessarily in the United States. Except as expressly admitted, ZTE denies the allegations of Paragraph 46 directed at ZTE. To the extent the allegations of Paragraph 46 are directed at entities other than ZTE, ZTE lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 46, and therefore ZTE denies the allegations in that paragraph.

47.     To the extent the allegations of Paragraph 47 are directed at ZTE, ZTE admits that one or more ZTE entities has tested, made, used, offered for sale, sold and/or imported one or more of the devices identified in Paragraph 37 of Plaintiff's Complaint as "'770 Verizon Mobile Devices," although not necessarily in the United States. Except as expressly admitted, ZTE denies the allegations of Paragraph 47 directed at ZTE. To the extent the allegations of Paragraph 47 are directed at entities other than ZTE, ZTE lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 47, and therefore ZTE denies the allegations in that paragraph.

48.     To the extent the allegations of Paragraph 48 are directed at ZTE, ZTE admits that one or more ZTE entities has tested, made, used, offered for sale, sold and/or imported one or more of the devices identified in Paragraph 37 of Plaintiff's Complaint as "'770 Sprint Mobile Devices" and/or "'770 Virgin Mobile Mobile Devices," although not necessarily in the United States. Except as expressly admitted, ZTE denies the allegations of Paragraph 48 directed at ZTE. To the extent the allegations of Paragraph 48 are directed at entities other than ZTE, ZTE lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 48, and therefore ZTE denies the allegations in that paragraph

49.     To the extent the allegations of Paragraph 49 are directed at ZTE, ZTE admits that one or more ZTE entities has tested, made, used, offered for sale, sold and/or imported one or more of the devices identified in Paragraph 37 of Plaintiff's Complaint as "'770 T-Mobile Mobile Devices," although not necessarily in the United States. Except as expressly admitted, ZTE denies the allegations of Paragraph 49 directed at ZTE. To the extent the allegations of Paragraph 49 are directed at entities other than ZTE, ZTE lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 49, and therefore ZTE denies the allegations in that paragraph.

50.     ZTE denies the allegations in Paragraph 50 of Plaintiff's Complaint.

## COUNT III

(INFRINGEMENT OF U.S. PATENT NO. 8,645,786)

51.     ZTE incorporates by reference its answers to the allegations set forth in Paragraphs 1-50 as if fully set forth herein.

52.     ZTE admits that U.S. Patent No. 8,645,786 ("the '786 patent") is entitled "Decoding Method" and that Exhibit C to Plaintiff's Complaint appears to be a copy of the '786

patent. ZTE lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 52, and therefore ZTE denies the same.

53.     ZTE denies the allegations in Paragraph 53 of Plaintiff's Complaint.

54.     To the extent the allegations of Paragraph 54 are directed at ZTE, ZTE admits that one or more ZTE entities has tested, made, used, offered for sale, sold and/or imported one or more of the devices identified in Paragraph 54 of Plaintiff's Complaint as "'786 ZTE Devices," although not necessarily in the United States. Except as expressly admitted, ZTE denies the allegations of Paragraph 54 directed at ZTE. To the extent the allegations of Paragraph 54 are directed at entities other than ZTE, ZTE lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 54, and therefore ZTE denies the allegations in that paragraph.

55.     ZTE denies the allegations in Paragraph 55 of Plaintiff's Complaint.

56.     ZTE denies the allegations in Paragraph 56 of Plaintiff's Complaint.

57.     ZTE denies the allegations in Paragraph 57 of Plaintiff's Complaint.

58.     To the extent the allegations of Paragraph 58 are directed at ZTE, ZTE admits that Plaintiff's original complaint in this case was filed in this District on October 12, 2017 and that ZTE (USA) Inc. was later served with that complaint, that ZTE Corporation has been a 3GPP member organization, that 3GPP solicits identification of standard essential patents, and that Plaintiff alleges the '786 patent was disclosed to 3GPP via the European Telecommunications Standards Institute ("ETSI"). Except as expressly admitted, ZTE denies the allegations of Paragraph 58 directed at ZTE. To the extent the allegations of Paragraph 58 are directed at entities other than ZTE, ZTE lacks knowledge or information sufficient to form a belief as to the

truth of the allegations set forth in Paragraph 58, and therefore ZTE denies the allegations in that paragraph.

59.     To the extent the allegations of Paragraph 59 are directed at ZTE, ZTE denies the allegations of Paragraph 59 directed at ZTE. To the extent the allegations of Paragraph 59 are directed at entities other than ZTE, ZTE lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 59, and therefore ZTE denies the allegations in that paragraph.

60.     To the extent the allegations of Paragraph 60 are directed at ZTE, ZTE denies the allegations of Paragraph 60 directed at ZTE. To the extent the allegations of Paragraph 60 are directed at entities other than ZTE, ZTE lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 60, and therefore ZTE denies the allegations in that paragraph.

61.     To the extent the allegations of Paragraph 61 are directed at ZTE, ZTE denies the allegations of Paragraph 61 directed at ZTE. To the extent the allegations of Paragraph 61 are directed at entities other than ZTE, ZTE lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 61, and therefore ZTE denies the allegations in that paragraph.

62.     ZTE denies the allegations in Paragraph 62 of Plaintiff's Complaint.

63.     To the extent the allegations of Paragraph 63 are directed at ZTE, ZTE admits that one or more ZTE entities has tested, made, used, offered for sale, sold and/or imported one or more of the devices identified in Paragraph 54 of Plaintiff's Complaint as "'786 AT&T Mobile Devices" and/or "'786 Cricket Mobile Devices," although not necessarily in the United States. Except as expressly admitted, ZTE denies the allegations of Paragraph 63 directed at ZTE. To

the extent the allegations of Paragraph 63 are directed at entities other than ZTE, ZTE lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 63, and therefore ZTE denies the allegations in that paragraph.

64.     To the extent the allegations of Paragraph 64 are directed at ZTE, ZTE admits that one or more ZTE entities has tested, made, used, offered for sale, sold and/or imported one or more of the devices identified in Paragraph 54 of Plaintiff's Complaint as "'786 T-Mobile Mobile Devices," although not necessarily in the United States. Except as expressly admitted, ZTE denies the allegations of Paragraph 64 directed at ZTE. To the extent the allegations of Paragraph 64 are directed at entities other than ZTE, ZTE lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 64, and therefore ZTE denies the allegations in that paragraph.

65.     ZTE denies the allegations in Paragraph 65 of Plaintiff's Complaint.

## JOINDER OF PARTIES

66.     ZTE incorporates by reference its answers to the allegations set forth in Paragraphs 1-65 as if fully set forth herein.

67.     ZTE admits that one or more AT&T entities, one or more Verizon entities, one or more Sprint entities, and/or one or more T-Mobile entities have each purchased or otherwise acquired from one or more ZTE entities one or more of the mobile devices identified in Counts I through III of Plaintiff's Complaint. Except as expressly admitted, ZTE denies the allegations of Paragraph 67 of Plaintiff's Complaint.

68.     ZTE denies the allegations in Paragraph 68 of Plaintiff's Complaint.

69.     ZTE denies the allegations in Paragraph 69 of Plaintiff's Complaint.

70.     Paragraph 70 states a legal conclusion with respect to joinder, to which no response is required. To the extent that a response is required, ZTE denies the allegations of Paragraph 70.

## WILLFULNESS

71.     ZTE denies the allegations in Paragraph 71 of Plaintiff's Complaint.

## JURY DEMAND

72.     CCE's demand for a jury trial requires no response from ZTE.

## PRAYER FOR RELIEF

73.     ZTE denies that CCE is entitled to any relief whatsoever, either as prayed for in its Complaint or otherwise.

## AFFIRMATIVE DEFENSES

74.     ZTE asserts the following defenses, without assuming the burden of proof when such burden would otherwise be on the Plaintiff, to the allegations in CCE's Complaint. ZTE reserves the right to amend its answer, including asserting additional defenses and counterclaims, as this matter progresses.

## FIRST DEFENSE

(Non-Infringement)

75.     CCE is not entitled to any relief against ZTE because ZTE does not infringe and has not infringed, either directly, jointly, indirectly, contributorily, or by inducement, any valid and enforceable claim of the patents-in-suit, either literally or under the doctrine of equivalents, willfully or otherwise.

## SECOND DEFENSE

(Invalidity)

76.     One or more claims of the patents-in-suit is invalid for failing to meet one or more of the conditions for patentability under Title 35 of the United States Code, including without limitation §§ 101, 102, 103, and/or 112, and the applicable provisions of Title 37 of the Code of Federal Regulations.

### THIRD DEFENSE

(No Injunctive Relief)

77.     CCE is not entitled to injunctive relief because any alleged injury to CCE is not immediate or irreparable, and CCE has an adequate remedy at law for any alleged injury.

### FOURTH DEFENSE

(Limitation on Recovery)

78.     CCE's claims for relief are barred in whole or in part, including without limitation by 35 U.S.C. §§ 286 and/or 287.

79.     To the extent the patents in the Complaint are found to be essential to any ETSI standard and to the extent any of the alleged inventions described in and allegedly covered by any of the patents asserted in the Complaint are used, manufactured, or sold by or for ZTE, its suppliers, and/or its customers, CCE's claims for relief are barred in whole or in part because ZTE has the irrevocable right to be licensed on FRAND terms under those patents.

### FIFTH DEFENSE

(Preclusion of Costs)

80.     To the extent that any claim of the patents-in-suit is held to be invalid, CCE must be precluded from recovering costs related to this action pursuant to 35 U.S.C. § 288.

### SIXTH DEFENSE

(Prosecution History Estoppel and/or Disclaimer)

81.     By reason of proceedings in the United States Patent and Trademark Office during prosecution of the patents-in-suit, and specifically statements, arguments, amendments, assertions, and/or representations made by or on behalf of the applicants for the patents-in-suit, CCE is estopped from asserting any construction of the claims of the patents-in-suit that would cover any product, method, or service of ZTE, and/or is estopped to construe the claims of the patents-in-suit in any way to cover any product, method, or service of ZTE under the doctrine of equivalents.

## SEVENTH DEFENSE

(License and/or Exhaustion)

82.     To the extent that CCE's accusations of infringement relate to products or services that were provided by or for any licensee of the patents-in-suit, whether express or implied, and/or provided to ZTE by or through a licensee of the patents-in-suit or under a covenant not to sue, whether express or implied, and/or are otherwise subject to the doctrine of patent exhaustion, CCE's claims are barred.

## EIGHTH DEFENSE

(No Willful Infringement)

83.     CCE has alleged no facts, and ZTE has not engaged in any conduct, that entitled CCE to treble damages based on alleged willful infringement.

## NINTH DEFENSE

(Government Sales)

84.     To the extent that ZTE's accused products have been made, used, sold, or offered for sale to the United States Government, any and all remedies may be had only by action against the United States pursuant to 28 U.S.C. § 1498.

**TENTH DEFENSE**

(License, Waiver, Consent, Unclean Hands, Laches and/or Estoppel)

85.     CCE's claims of patent infringement against ZTE are barred in whole or in part

by the doctrines of license, waiver, consent, unclean hands, laches and/or estoppel.

86.     CCE and/or its predecessors have engaged in standard-setting misconduct

including, but not limited to, CCE and/or its predecessors breach of its commitment to offer

FRAND license terms for the patents asserted against ZTE and its breach of its duty to disclose

its IP under relevant standards setting organizations IPR policies.

**ELEVENTH DEFENSE**

(Acts of Others)

87.     The claims made in the Complaint are barred, in whole or in part, because ZTE is

not liable for the acts of others over whom it has no control.

**TWELFTH DEFENSE**

(No Causation)

88.     CCE's claims against ZTE are barred because CCE's damages, if any, were not

caused by ZTE.

**THIRTEENTH DEFENSE**

(Standing)

89.     Plaintiff lacks standing to bring this suit because, as shown on the face of the

Asserted Patents, Plaintiff is not the assignee of the Asserted Patents. Plaintiff also lacks standing

to bring this suit to the extent that Plaintiff and/or its predecessors-in-interest lacked ownership

of the Asserted Patents at any relevant time. In addition, Plaintiff lacks standing to bring this suit

to the extent that Plaintiff lacks all substantial rights to the Asserted Patents.

## COUNTERCLAIMS

1.      ZTE (USA), Inc. ("Counterclaimant") alleges Counterclaims against Cellular

Communications Equipment LLC ("CCE") as follows:

## PARTIES

2.      ZTE (USA), Inc. is a corporation organized and existing under the laws of the

state of New Jersey, with its principal place of business in Richardson, Texas.

3.      According to CCE's Original Complaint for Patent Infringement, CCE is a Texas

limited liability company with its principal place of business in Plano, Texas.

## JURISDICTION AND VENUE

4.      These counterclaims arise under the patent laws of the United States, 35 U.S.C. §

101 *et seq.* and under the declaratory judgment act, 28 U.S.C. §§ 2201 and 2202, based upon an

actual controversy between Counterclaimants and CCE.

5.      Subject to Counterclaimant's affirmative defenses and denials, Counterclaimant

alleges that to the extent this Court has jurisdiction over CCE's claims against Counterclaimant,

this Court has subject matter jurisdiction over these amended counterclaims pursuant to, without

limitation, 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

6.      This Court has personal jurisdiction over CCE because CCE subjected itself to the

jurisdiction of this Court through its Original Complaint for Patent Infringement.

7.      To the extent that venue over CCE's claims is proper, venue is proper in this

District for these Counterclaims pursuant to 28 U.S.C. § 1391(b)-(c).

## FIRST COUNTERCLAIM

(Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,254,872)

8.      Counterclaimant incorporates and realleges Paragraphs 1-7 of its Counterclaims as if fully set forth herein.

9.      By its Complaint, CCE asserts that Counterclaimant has infringed United States Patent No. 8,254,872 ("the '872 patent").

10.     Counterclaimant has denied CCE's claim of infringement of the '872 patent and contend that it does not infringe any valid or enforceable claim of the '872 patent.

11.     An actual, immediate, and justiciable controversy has thus arisen between CCE and Counterclaimant concerning the alleged infringement of the '872 patent.

12.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.,* Counterclaimant is entitled to judgment from this Court that Counterclaimant does not infringe, directly or indirectly, the '872 patent.

## SECOND COUNTERCLAIM

(Declaratory Judgment of Invalidity of U.S. Patent No. 8,254,872)

13.     Counterclaimant incorporates and realleges Paragraphs 1-12 of its Counterclaims as if fully set forth herein.

14.     CCE has asserted in its Complaint claims of patent infringement against Counterclaimant based on the '872 patent. Counterclaimant has denied that it has infringed or is infringing any valid claim of the '872 patent. By the Complaint, CCE alleges that the '872 patent is valid. Counterclaimant has denied those allegations and contends that one or more claims of the '872 patent are invalid for failing to satisfy one or more of the statutory requirements of the patent laws, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

15.     An actual, immediate, and justiciable controversy thus has arisen between CCE and Counterclaimant with respect to the validity of the '872 patent.

16.     The claims of the '872 patent are invalid for failing to meet one or more of the requirements and/or conditions for patentability under various sections of the United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

17.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, et seq., Counterclaimant is entitled to judgment from this Court that the '872 patent is not valid.

## THIRD COUNTERCLAIM

(Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,902,770)

18.     Counterclaimant incorporates and realleges Paragraphs 1-17 of its Counterclaims as if fully set forth herein.

19.     By its Complaint, CCE asserts that Counterclaimant has infringed United States Patent No. 8,902,770 ("the '770 patent").

20.     Counterclaimant has denied CCE's claim of infringement of the '770 patent and contends that it does not infringe any valid or enforceable claim of the '770 patent.

21.     An actual, immediate, and justiciable controversy has thus arisen between CCE and Counterclaimant concerning the alleged infringement of the '770 patent.

22.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.,* Counterclaimant is entitled to judgment from this Court that Counterclaimant does not infringe, directly or indirectly, the '770 patent.

## FOURTH COUNTERCLAIM

(Declaratory Judgment of Invalidity of U.S. Patent No. 8,902,770)

23.     Counterclaimant incorporates and realleges Paragraphs 1-22 of its Counterclaims as if fully set forth herein.

24.     CCE has asserted in its Complaint claims of patent infringement against Counterclaimant based on the '770 patent. Counterclaimant has denied that it has infringed or is infringing any valid claim of the '770 patent. By the Complaint, CCE alleges that the '770 patent is valid. Counterclaimant has denied those allegations and contends that one or more claims of the '770 patent are invalid for failing to satisfy one or more of the statutory requirements of the patent laws, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

25.     An actual, immediate, and justiciable controversy thus has arisen between CCE and Counterclaimant with respect to the validity of the '770 patent.

26.     The claims of the '770 patent are invalid for failing to meet one or more of the requirements and/or conditions for patentability under various sections of the United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

27.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, et seq., Counterclaimant is entitled to judgment from this Court that the '770 patent is not valid.

## FIFTH COUNTERCLAIM

(Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,645,786)

28.     Counterclaimant incorporates and realleges Paragraphs 1-27 of its Counterclaims as if fully set forth herein.

29.     By its Complaint, CCE asserts that Counterclaimant has infringed United States Patent No. 8,645,786 ("the '786 patent").

30.     Counterclaimant has denied CCE's claim of infringement of the '786 patent and contends that it does not infringe any valid or enforceable claim of the '786 patent.

31.     An actual, immediate, and justiciable controversy has thus arisen between CCE and Counterclaimant concerning the alleged infringement of the '786 patent.

32.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.,* Counterclaimant is entitled to judgment from this Court that Counterclaimant does not infringe, directly or indirectly, the '786 patent.

### SIXTH COUNTERCLAIM

(Declaratory Judgment of Invalidity of U.S. Patent No. 8,645,786)

33.     Counterclaimant incorporates and realleges Paragraphs 1-32 of its Counterclaims as if fully set forth herein.

34.     CCE has asserted in its Complaint claims of patent infringement against Counterclaimant based on the '786 patent. Counterclaimant has denied that it has infringed or is infringing any valid claim of the '786 patent. By the Complaint, CCE alleges that the '786 patent is valid. Counterclaimant has denied those allegations and contends that one or more claims of the '786 patent are invalid for failing to satisfy one or more of the statutory requirements of the patent laws, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

35.     An actual, immediate, and justiciable controversy thus has arisen between CCE and Counterclaimant with respect to the validity of the '786 patent.

36.     The claims of the '786 patent are invalid for failing to meet one or more of the requirements and/or conditions for patentability under various sections of the United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

37.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, et seq., Counterclaimant is entitled to judgment from this Court that the '786 patent is not valid.

### SEVENTH COUNTERCLAIM

(Declaratory Judgement That ZTE is Licensed to Practice the Asserted Patents)

38.     Counterclaimant incorporates and realleges Paragraphs 1-37 of its Counterclaims as if fully set forth herein.

39.     On information and belief and by way of example without limitation, Counterclaimant has rights arising from the use of Qualcomm Incorporated ("Qualcomm") components in certain ZTE devices. On information and belief, Qualcomm and/or Samsung entered into a license agreement with CCE and/or its predecessors by which Qualcomm and/or Samsung received, among other things, certain rights related to the Asserted Patents and other CCE patents (collectively, "the Qualcomm Licensed Patents"). Counterclaimant has an express or implied license to manufacture, use, import, and sell electronic devices incorporating licensed Qualcomm components under the Qualcomm Licensed Patents.

40.     Notwithstanding this license, CCE alleged infringement and is seeking compensation for products that are licensed under the Qualcomm and/or Samsung license. Counterclaimant has been forced to expend resources resolving this dispute, and is threatened by the loss of profits, loss of customers and potential customers, loss of goodwill and product image, uncertainty in business planning, and uncertainty among customers and potential customers.

## EIGHTH COUNTERCLAIM

### (Equitable Estoppel)

41.     Counterclaimant incorporates and realleges Paragraphs 1-40 of its Counterclaims as if fully set forth herein.

42.     In the course of its participation in ETSI, CCE and/or its predecessors represented to ETSI, ETSI members, and third parties that it would grant irrevocable licenses to the Alleged Standard Essential Patents on FRAND terms and conditions.

43.     CCE and/or its predecessors membership and activities, including the declarations it made to comply with ETSI's IPR policy for the Alleged Standard Essential Patents, created a false and misleading impression among ETSI, ETSI members (including ZTE), and/or third parties that CCE and/or its predecessors would license those patents on FRAND terms and conditions.

44.     In reliance on CCE's and/or its predecessors' representations, ZTE made substantial investments in the research, design, development, manufacture, and marketing of mobile handsets.

45.     As a result of the acts in the foregoing paragraphs, an actual controversy exists between ZTE and CCE.

46.     As a result, ZTE will be harmed materially if CCE is permitted to assert its alleged patent rights to the Alleged Standard Essential Patents against ZTE seeking more than FRAND royalties.

## NINTH COUNTERCLAIM

### (Declaration of FRAND Royalties)

47.     Counterclaimant incorporates and realleges Paragraphs 1-46 of its Counterclaims as if fully set forth herein.

48.     A judicial declaration is necessary and appropriate so that Counterclaimant may ascertain its rights regarding CCE's alleged standard essential patents.

49.     To the extent the alleged standard essential patents are actually essential to the ETSI standard as alleged by CCE, the CCE must (a) select as a royalty base, at most, the smallest saleable unit substantially embodying each individual alleged standard essential patents, and (b)

apply to that royalty base a reasonable royalty rate that reflects the actual technical contribution to the standard that is attributable to the patent.

50.     As a result of the acts in the foregoing paragraphs, an actual controversy exists between Counterclaimant and CCE.

51.     As an alternative to its requests for non-infringement and invalidity or a finding that CCE's claims are barred for breach of contract or equitable estoppel, Counterclaimant is entitled to a judicial declaration that sets a FRAND royalty for each individual alleged standard essential patents.

## **PRAYER FOR RELIEF**

Wherefore, Counterclaimant respectfully requests that the Court enter judgment against CCE and grant Counterclaimant the following relief:

    a.  Dismiss the Complaint in its entirety with prejudice, deny all relief requested by CCE, and find that CCE takes nothing by its claims against ZTE;

    b.  Enter judgment in favor of ZTE, and against CCE on the Complaint;

    c.  Declare that ZTE has not infringed, and is not infringing, directly or indirectly, the '872, '770 and/or '786 patents;

    d.  Declare that the claims of the '872, '770 and/or '786 patents are invalid;

    e.  As an alternative, for any alleged CCE asserted patent found to be actually essential to an ETSI standard, a declaration of a FRAND royalty that (a) uses a royalty base of (at most) the smallest saleable unit substantially embodying the claimed invention and (b) sets a reasonable rate applied to that royalty base that reflects the actual technical contribution to the standard that is attributable to the patent;

f.   CCE be enjoined from seeking any royalties in this Court or in any forum or otherwise for the alleged standard essential patents in excess of FRAND terms and conditions;

g.   Enjoin CCE, its assigns, and all those in privity therewith from asserting the '872, '770 and/or '786 patents against ZTE or any of its customers or suppliers;

h.   Declare that this is an exceptional case under 35 U.S.C. § 285 and award to ZTE its costs, expenses, and recoverable attorney's fees; and

i. Grant ZTE such other and further relief as the Court deems appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

ZTE respectfully requests a trial by jury on all issues so triable.

Dated: December 21, 2017                    Respectfully submitted,

By */s/ Brian C. Nash*
    Brian C. Nash (TX Bar No. 24051103)
    brian.nash@pillsburylaw.com
    PILLSBURY WINTHROP SHAW PITTMAN LLP
    401 Congress Avenue, Suite 1700
    Austin, TX 78701-3797
    Phone: (512) 580-9609
    Fax: (512) 580-9601

    Nicole S. Cunningham (CA SBN 234390)
    nicole.cunningham @ pillsburylaw.com
    Steven A. Moore (CA SBN 232114)
    steve.moore @ pillsburylaw.com
    PILLSBURY WINTHROP SHAW PITTMAN LLP
    501 West Broadway, Suite 1100
    San Diego, CA 92101
    Phone: 619.544.3119
    Fax: 619-236-1995

    *Attorneys for Defendant and Counterclaimant*
    *ZTE (USA) Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being serviced with a copy of this **ANSWER AND COUNTERCLAIM OF DEFENDANT ZTE (USA) INC. TO ORIGINAL COMPLAINT** *via* the Court's CM/ECF system on this 21st day of December, 2017.

By */s/ Brian C. Nash*
Brian C. Nash